IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTOPHER ERICKSON, ) | |
| ) | Civil Action No. |
| Plaintiff, ) | |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| ABBY UNITED, LLC d/b/a ABBY ) | |
| IRON DOORS, ) | |
| ) | |
| Defendant. ) | |
| ) | |

_____

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff ("Plaintiff" or "Erickson"), and files this Complaint against Defendant Abby United, LLC ("Defendant" or "Abby Iron Doors") and shows the following:

### I. Nature of Complaint

1.

Plaintiff brings this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages, along with attorney's fees and costs, for Defendants' failure to pay federally mandated

overtime wages to Plaintiff in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq.* (hereinafter the "FLSA") during Plaintiff's employment with Defendant. Plaintiff also brings claims for unlawful retaliation under the FLSA.

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1331.

4.

Defendant is a Georgia limited liability company and resides in this District. A substantial part of the acts and omissions that give rise to Plaintiff's claims occurred in this district. Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §1391.

## III. Parties and Facts

5.

Plaintiff is a resident of the State of Georgia.

6.

From July 2013 to January 17, 2017, Plaintiff was employed by Defendant as an office employee.

7.

Throughout Plaintiff's employment with Defendant, Plaintiff's primary duty was the performance of non-exempt work, specifically clerical work and customer service tasks such as data entry and answering the phones.

8.

Throughout Plaintiff's employment, Plaintiff was paid on what Defendant purports to be a salary basis. In some weeks, Defendants took unlawful deductions from Plaintiff's pay when he worked over 40 hours. In taking such deductions, Defendant failed to pay Plaintiff on a salary basis.

9.

Plaintiff was an "employee" of Defendant, as that term has been by the FLSA, 29 U.S.C. §203(e).

10.

Plaintiff's primary duty of clerical work and customer service was not directly related to the management or general business operations of Defendant or its customers; nor did Plaintiff's primary duty involve the exercise of discretion and independent judgment on matters of significance.

11.

Defendant is an "employer" as that term has been defined by the FLSA.

12.

Throughout his employment, Plaintiff regularly worked in excess of 40 hours in given workweeks and was not paid overtime wages at one and one half times his regular rate for hours worked over 40 in such weeks.

13.

Defendant is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

14.

Defendant knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without receiving overtime compensation at the required rate.

15.

Defendant is governed by and subject to the FLSA, 29 U.S.C. §204 and §207.

16.

Defendant failed to pay Plaintiff the overtime wage differential required by the FLSA, 29 U.S.C. §207 on occasions that Plaintiff worked over 40 hours in a workweek.

17.

While employed by Defendant, Plaintiff was engaged in interstate commerce and individually covered by the FLSA.

## Count I

## Violations of the Fair Labor Standards Act.

18.

Plaintiff repeats and re-alleges each and every allegation contained in the preceding paragraphs of this Complaint with the same force and effect as if set forth herein.

19.

Defendant has violated the FLSA, 29 U.S.C. §207, by failing to pay overtime wages for time that Plaintiff worked in excess of 40 hours in given workweeks.

20.

Pursuant to the FLSA, 29 U.S.C. §216, Plaintiff brings this lawsuit to recover unpaid overtime wages, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

21.

Defendant's violations of the FLSA were willful and in bad faith.

22.

Defendant knew or showed reckless disregard for the fact its actions, policies, and/or omissions violated the FLSA.

23.

Defendant knew or had reason to know that Plaintiff regularly worked over 40 hours in workweeks without overtime compensation.

24.

By failing to accurately report, record and/or preserve records of hours worked by Plaintiff, Defendant has failed to make, keep and preserve records with respect to its employees, including Plaintiff sufficient to determine their wages, hours and other conditions and practice of employment, in violation of the FLSA.

## IV. Prayer for Relief

**WHEREFORE**, Plaintiff respectfully requests that this Court:

(A) Grant Plaintiff a trial by jury as to all triable issues of fact;

(B) Enter judgment awarding Plaintiff unpaid wages pursuant to the FLSA, 29 U.S.C. §207, FLSA § 6, 29 U.S.C. § 206(d), liquidated damages as provided by 29 U.S.C. §216, pre-judgment interest on

unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided by 29 U.S.C. §216, and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiff's rights have been violated;

(D)  Permit Plaintiff to amend his Complaint to add additional claims and parties, if necessary;

(E)  Award Plaintiff such further and additional relief as may be just and appropriate.

Respectfully submitted,

This 31st day of January, 2017.

        **BARRETT & FARAHANY**

        /s/ V. Severin Roberts
        V. Severin Roberts
        Georgia Bar No. 940504
        Attorneys for Christopher Erickson

1100 Peachtree Street
Suite 500
Atlanta, GA 30309
(404) 214-0120
(404) 214-0125 facsimile