## GENERAL RELEASE AND SETTLEMENT AGREEMENT

This General Release and Settlement Agreement ("Agreement") is made and entered into by and between Christopher J. Erickson ("Erickson") and Abby United, LLC d/b/a Abby Iron Doors ("Abby Iron Doors").

I

For and in consideration of the execution of this Agreement by Erickson, Abby Iron Doors agrees to provide Erickson with certain valuable consideration, the sufficiency and receipt of which is hereby acknowledged, including providing Erickson the gross sum of $18,500, in exchange for the Release described in Paragraph II and other consideration set forth below, which will be payable as follows: (a) a check made payable to Barrett & Farahany, LLP in the gross amount of $7,952.32 to be allocated as attorneys' fees and costs, and treated as 1099 income; and (b) a check made payable to Erickson, in the amount of $5,273.84, and treated as 1099 income; and (c) a check payable to Erickson in the gross amount of $5,273.84 minus any applicable federal, state and/or local tax withholdings, as payment for alleged unpaid wages and resulting damages. At the time of execution of this Agreement, both Erickson and Barrett & Farahany, LLP will complete and execute W-9 Forms (revised Dec. 2014) to be returned with this Agreement. The documents referenced in the preceding sentence shall be sent to: Betsy Bulat Turner, Martenson, Hasbrouck & Simon LLP, 3379 Peachtree Road, Suite 400, Atlanta, Georgia 30326, bturner@martensonlaw.com. These benefits are provided in settlement of all of Erickson's claims against Abby Iron Doors and/or all of its affiliated companies, employees, representatives, and clients, including the claims brought in the lawsuit *Christopher Erickson v. Abby United, LLC d/b/a Abby Iron Doors*, Civil Action No. 1:17-cv-0383, currently pending in the Northern District of Georgia, United States District Court (the "Lawsuit").

CJE  CJE Initials

Delivery of the aforementioned settlement checks shall be made to Erickson's attorney, V. Severin Roberts, Esq. of Barrett & Farahany, LLP, 1100 Peachtree Street, NE, Suite 500, Atlanta, Georgia 30309, within ten (10) business days following the execution and Court approval of this agreement as well as receipt of original W-9 Forms completed and executed by Erickson and Barrett & Farahany, LLP.

II

For and in consideration of the agreements and commitments set forth above, the receipt and sufficiency of which are hereby acknowledged, Erickson does hereby knowingly and voluntarily release and forever discharge, both jointly and severally, Abby Iron Doors, its divisions, subsidiaries and affiliates, and its officers, directors, employees (current and former), shareholders, attorneys, insurers, servants and agents, together with their successors and assigns (hereinafter collectively referred to as the "Releasees") from any and all actions, causes of action, suits, debts, dues, sums of money, accounts, damages, judgments, claims and demands whatsoever, in law or in equity (hereinafter collectively referred to as "claims"), whether known or unknown, which Erickson ever had, now has, or may or might in the future have against the Releasees, arising out of events, acts or omissions occurring at any time before the moment Erickson signs this Agreement, including, but not limited to: (i) those claims arising under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et. seq.*, Georgia's Equal Employment for Persons with Disabilities Code, O.C.G.A. Title 34, Art. 64, Ch. 6A, § 34-64-1 through 34-64-6 and/or any other federal or state handicap or disability discrimination act, regulation or executive order; (ii) those claims arising under the Rehabilitation Act of 1973, 29 U.S.C. §§ 701, *et seq.*; (iii) those claims arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C.

Page 2 of 10

CJE CJE Initials

§ 2000e, as amended and/or any other applicable state fair employment practices statute, and/or any ordinance promulgated by any county, municipality, or other state subdivision including, but not limited to, O.C.G.A. § 34-1-3 et seq. (anti-discrimination against jurors), O.C.G.A. § 18-4-7 (anti-discrimination against garnishees) and/or O.C.G.A. § 19-11-20(b) (anti-discrimination against individuals subject to wage assignments); (iv) those claims arising under the Equal Pay Act of 1963, 29 U.S.C. §§ 206, et seq. and/or Georgia's Equal Pay for Equal Work Act, O.C.G.A. § 34-5-1 et seq.; (v) those claims arising under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001, et seq., including, but not limited to, salary, severance pay and accrued time, and any other benefits; (vi) those claims arising under the National Labor Relations Act, 29 U.S.C. §§ 151, et seq. and/or O.C.G.A. § 34-6-6 (labor management relations); (vii) those claims arising under the Fair Labor Standards Act and any other applicable state and local wage and hour statutes including, but not limited to, O.C.G.A. §§ 10-1-700 to 10-1-704 (sales representative laws) and/or O.C.G.A. § 34-4-1 et seq. (wage and hour laws); (viii) those claims arising under the Worker Adjustment and Retraining Notification Act; (ix) those claims arising under the Family & Medical Leave Act; (x) those claims for retaliatory or wrongful discharge of any kind; (xi) those claims for intentional or negligent infliction of emotional distress or outrageous conduct; (xii) those claims for breach of duty, misrepresentation, fraud, negligence, libel, slander, defamation or tortious conduct of any kind; (xiii) those claims for interference with business relationships, contractual relationships, or employment relationships of any kind; (xiv) those claims for breach of duty and/or the implied covenant of good faith and fair dealing; (xv) those claims for interference with and/or breach of contract (express or implied, in fact or in law, oral or written); (xvi) those claims arising

Page 3 of 10

CJE CJE Initials

under or in reliance upon any statute, regulation or ordinance (local, state, or federal); and (xvii) any and all other claims which Erickson ever had, now has, or may or might in the future have arising by reason of or in any way connected with any employment relationship which may have existed prior to or on the date hereof between Erickson and Abby Iron Doors and/or the termination of that relationship, provided, however, that this Agreement does not affect any vested retirement benefit rights or COBRA rights which Erickson may now have.

### III

Erickson further acknowledges and covenants that, in consideration for the agreements and commitments set forth in Paragraph I hereof, he has knowingly relinquished, waived and forever released any and all claims for damages and remedies which he might personally pursue or which might be pursued in his name, including, without limitation, claims for contract or tort damages of any type, claims for legal or equitable relief under either federal or state statutory and common law, and claims for backpay, reinstatement and recovery of attorneys' fees and/or costs. Erickson further warrants that as of the time of execution of this Agreement, Erickson has not assigned or transferred any claims of any nature that he would otherwise have against Releasees. Erickson further acknowledges that he has received, or will receive by virtue of this Agreement, all payments and benefits that he is entitled to receive by virtue of any employment with Abby Iron Doors including, but not limited to, payment for any and all wages, salary, bonuses, overtime compensation, vacation and/or personal days owed to him by Abby Iron Doors up to the moment of his execution of this Agreement.

Page 4 of 10

*CJE* CJE Initials

IV

Erickson understands that nothing contained in this Agreement limits his ability to file a charge or complaint with the Equal Employment Opportunity Commission, the National Labor Relations Board, the Occupational Safety and Health Administration, the Securities and Exchange Commission or any other federal, state or local governmental agency or commission (hereinafter referred to as "Government Agencies"). Erickson further understands that this Agreement does not limit his ability to communicate or share information with any Government Agencies or otherwise participate in any investigation or proceeding that may be conducted by any Government Agencies. However, based on the release of claims set forth in Paragraph II of this Agreement, Erickson acknowledges and agrees that he is releasing all claims and causes of action that he might personally pursue or that might be pursued in his name and, to the extent permitted by applicable law, his right to recover monetary damages or obtain injunctive relief that is personal to him in connection with such claims and causes of action. Notwithstanding any other provision contained herein, nothing in this Agreement shall be construed as a waiver of any right which, by law, cannot be waived.

V

In connection with the Lawsuit, Erickson alleged that Abby Iron Doors had not paid him for certain overtime and/or other hours that he worked during his employment with Abby Iron Doors. As such, Erickson acknowledges that the payment for his alleged unpaid wages described in Paragraph I of this Agreement represents a reasonable compromise of the disputed amount of wages and other damages to which he could be entitled by law as a result of any failure by Abby Iron Doors to pay him those wages. Erickson further acknowledges that, if he

Page 5 of 10

*CJE* ___ CJE Initials

ever in the future attempts to bring a claim for unpaid wages against Abby Iron Doors, such claim would fail and be subject to dismissal because he has already released his claims for such wages.

VI

Erickson further acknowledges and covenants not to sue the Releasees, or to participate or aid in any way in any suit or proceeding or to execute, seek to impose, collect or recover upon, or otherwise enforce or accept any judgment, decision, award, warrant or attachment upon any claim released by him herein. Erickson also acknowledges and covenants that he understands that, after signing this Agreement, he cannot proceed against any person or party mentioned in it with respect to or on account of any of the matters referred to in it, arising out of events or occurrences which arose at or before the moment he signed this Agreement. Erickson further agrees that he will take whatever steps are necessary to ensure that the Lawsuit is dismissed with prejudice.

VII

Erickson shall be responsible for the payment of any and all local, state, and/or federal taxes which may be attributable to the payment described above and indemnifies and holds Releasees harmless from any and all tax consequences, including interest and/or penalties, arising out of the payment to him described in Paragraph 1 above. The parties acknowledge that no representations have been or are made herein by or to any signatory to this Agreement regarding the tax consequences of this Agreement.

VIII

In further consideration of this Agreement and the commitment set forth in Paragraph 1 hereinabove, Erickson does hereby agree and acknowledge that he is not entitled to and will not

*CJE* CJE Initials

seek employment, reemployment and/or reinstatement with the Releases. It is further agreed that the Releases have no duty or obligation to hire Erickson in the future nor shall Erickson file any type of legal action or claim against Releasees for not reemploying Erickson following his cessation of employment with Abby Iron Doors. This Agreement will not, however, prevent Releasees from unilaterally offering Erickson reemployment at their sole discretion.

IX

Erickson agrees and covenants that he will not directly or indirectly, orally or in writing, disparage Abby Iron Doors and/or any of its products, services, employees (current and former), officers, directors, members, representatives, agents and/or attorneys in any way or interfere in any way with their relationships with their customers, employees, family and/or friends. Erickson further agrees not to solicit or encourage any individual to bring a claim against Releasees. However, nothing herein shall prohibit or restrain Erickson from providing truthful testimony in response to a subpoena or a court order, or from providing truthful information to Government Agencies.

X

Erickson agrees and covenants that he has carefully reviewed, studied and thought over the terms of this Agreement, and that all questions concerning this Agreement have been answered to his satisfaction. Erickson further represents and agrees that he was advised and encouraged, prior to his execution of this Agreement, to discuss and review all aspects of this Agreement with his private attorney and that he has availed himself of this opportunity.

XI

It is further understood and agreed that this Agreement is entered into voluntarily by both

CJE CJE Initials

parties, and is not based upon any representations or statements of any kind made by Abby Iron Doors or any of its representatives as to the merits, legal liabilities, or value of any current or potential claims which Erickson may have. The payment conferred herein is not to be construed as an admission of liability on the part of the persons, companies and entities hereby released, by whom liability is expressly denied. Erickson also acknowledges that no promise or inducement for this Agreement has been offered or made, except as herein set forth, and this Agreement contains the full terms of this agreement between Erickson and Abby Iron Doors.

XII

This Agreement shall be binding upon Erickson, his heirs, executors, administrators, assigns, successors, beneficiaries, employees and agents, and all other persons asserting claims by, on behalf of, or through Erickson based or founded upon any of the claims released herein. Erickson acknowledges that this Agreement is made and entered into in the State of Georgia and shall, in all respects, be interpreted, enforced and governed under the laws of the State of Georgia. All terms of this Agreement shall inure to the benefit of the Releasees and their predecessors, successors and assigns.

XIII

Erickson covenants that he will indemnify the Releasees for all damages, including attorneys' fees, resulting from Erickson's breach of any provision of this Agreement, including without limitation the non-disparagement pledge set forth above in Paragraph IX.

_CJE_ CJE Initials

XIV

Should any word, phrase, clause, sentence or paragraph of this Agreement be deemed unenforceable by a competent court of law, the enforceability of the remainder of the Agreement shall be unaffected.

XV

Erickson acknowledges and agrees that, should he fail or refuse to execute this Agreement, all obligations of Erickson and Abby Iron Doors, including the obligation to pay the sums referenced in Paragraph I as set forth herein, shall be entirely null, void and of no effect. Should Abby Iron Doors fail to make required payments under this agreement, the agreement shall be null, void and of no effect and Erickson will be free to resume his claims in litigation.

XVI

This Agreement constitutes the entire agreement between Erickson and the Releasees pertaining to the subjects contained herein and supersedes any and all prior and/or contemporaneous agreements, representations or understandings, written or oral. It is expressly understood and agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever except in writing duly executed by Erickson and an authorized representative of Abby Iron Doors. This Agreement is intended fully, completely and forever to resolve all disputes based upon events, omissions or acts occurring on or prior to its execution, as well as all other issues or claims in any way arising out of, or connected with, the prior employment of Erickson with Abby Iron Doors and/or Erickson's separation from that employment.

[Signatures on Following Page.]

Page 9 of 10

*CJE* CJE Initials

IN WITNESS WHEREOF, Christopher J. Erickson sets his hand and seal this 23 day of May, 2017.

_____
Christopher J. Erickson

_____
For and on behalf of Abby United LLC, d/b/a Abby Iron Doors

Page **10 of 10**

CJE  CJE Initials